IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JOSEPH DEVON JACKSON, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ATLAS LOGISTICS, INC., an Indiana Corporation,<br><br>AND<br><br>ATLAS LOGISTICS GROUP RETAIL SERVICES, LLC, a Delaware Limited Liability Company,<br><br>AND<br><br>AMERICOLD LOGISTICS, LLC, a Delaware Limited Liability Company.<br><br>Defendants. | CASE NO. 3:19-cv-240<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Now comes the Plaintiff, Joseph Devon Jackson ("Jackson") on behalf of himself and all other similarly situated individuals and for his Class Action Complaint alleges the following claims:

### NATURE OF THE ACTION

1. This class action seeks remedies under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA") on behalf of consumers who were the subject of consumer reports used by Defendants, Atlas Logistics, Inc., Atlas Logistics Group Retail Services, LLC and Americold Logistics, LLC (collectively "Atlas Defendants") for employment purposes during

the period prescribed by 15 U.S.C. § 1681p preceding the filing of the Initial Complaint and during its pendency (the "Class Period").

## PARTIES

2. Jackson is and has been a resident of Maricopa County, Arizona, and is a consumer as defined by 15 U.S.C. § 1681a.

3. Atlas Logistics, Inc. is an Indiana Corporation headquartered in Evansville, Indiana.

4. Atlas Logistics Group Retail Services, LLC is a Delaware limited liability company registered to conduct business in this District.

5. Americold Logistics, LLC is a Delaware limited liability company registered to conduct business in this District.

6. Further, the Atlas Defendants are "persons" using "consumer reports" to make "employment decisions" and take "adverse action" against "consumers", as those terms are defined by 15 U.S.C. § 1681a.

7. The Atlas Defendants are interrelated and share procedures and processes that fail to comply with the FCRA.

## JURISDICTION AND VENUE

8. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

9. Venue is proper in the Southern District of Indiana because the Atlas Defendants are subject to personal jurisdiction in this District, maintain a place of business in this District, and make employment decisions regarding individuals residing in this District. 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

10. Like thousands of employers across the United States, the Atlas Defendants use consumer reports to evaluate applicants' eligibility for employment.

11. Because of the sensitive personal data contained in consumer reports, employers are mandated by the FCRA to adhere to conditions, procedures, and limitations on the procurement and use of consumer data.

12. Specifically, 15 U.S.C. § 1681b(b)(3)(A) requires employers provide the applicant with a copy of the consumer report together with a written description of the consumer's rights authored by the Consumer Financial Protection Bureau *before* delaying or denying employment based in whole or in part on the consumer report.

13. The Atlas Defendants altogether fail to comply with this fundamental FCRA obligation as illustrated by Jackson's experience.

## JACKSON'S EMPLOYMENT EXPERIENCE

14. Jackson applied for a janitor position with the Atlas Defendants in November 2017.

15. When applying for the position Jackson fully disclosed to the Atlas Defendants all prior criminal history.

16. With the knowledge of Jackson's prior criminal history, the Atlas Defendants scheduled him for a facility tour of an Atlas facility on or about November 27, 2017.

17. Thereafter, Jackson was brought in for a second interview in December 2017 where he met with his future supervisor and with the Atlas Defendants' human resources manager.

18. At this interview he was advised by the manager that he had been approved for

3

the job and was provided with a start date.

19. He was further advised by the manager that he was required to complete a drug test and background check prior to his start date to which Jackson agreed having already fully disclosed his criminal history.

20. The Atlas Defendants then engaged Norread & Associates, Inc., a consumer reporting agency, to provide a consumer report, which included public record information purportedly regarding Jackson (the "Report").

21. The information provided to the Atlas Defendants by Norread & Associates, Inc. included adverse public information pertaining to Jackson.

22. Consumer reporting agencies traffic in the reputations of job applicants by purchasing public records data from various sources and compiling the information into a separate database used to generate consumer reports for a fee upon request.

23. Consumer reporting agencies often make this information available to employers *instantly* online, and rarely provide contemporaneous notice to job applicants that adverse public record information has been shared with a prospective employer.

24. In or around December 2017, an Atlas Defendants' human resource manager called Jackson to advise that his employment with the Atlas Defendants was rescinded because of information contained in his background check report.

25. At no time prior to denying him employment, did the Atlas Defendants provide Jackson with a copy of his background report or a written summary of his rights under the FCRA.

26. Moreover, during the telephone call Jackson specifically requested a copy of his consumer report because he had previously been the victim of inaccurate reporting of his criminal history on background checks.

27. The manager specifically declined to provide him with a copy of the report advising Jackson that "we don't do that."

## ALLEGATIONS AS TO THE COMMON QUESTIONS

28. Upon information and belief, the Atlas Defendants have purchased consumer reports from consumer reporting agencies for the last five (5) years, which are used as a basis to take adverse action against job applicants.

29. The Atlas Defendants purchase these consumer reports after determining that applicants are otherwise qualified for employment.

30. Uniformly, the Atlas Defendants do not provide pre-adverse action notice to job applicants, including a copy of the applicants' consumer report and a statement of the applicants' rights as required by 15 U.S.C. § 1681b(b)(3) *before* making a decision regarding their employment.

31. The Atlas Defendants' violations of the FCRA have been willful, wanton and reckless in that the Atlas Defendants knew, or reasonably should have known, that they were failing to comply with the requirements of the FCRA.

32. The specific requirements of 15 U.S.C. § 1681b(b)(3) have been the subject of numerous federal district court and appellate court decisions. *See e.g. Robertson v. Allied Sols., LLC*, 902 F.3d 690 (7th Cir.2018). Moreover, these requirements have been the subject of numerous FTC staff opinions authored over the last 15 years.

33. Simply put, the Atlas Defendants had actual knowledge of their FCRA obligations and failed to comply accordingly.

34. Moreover, regulatory guidance provided by the FTC has explained the FCRA's requirements under 15 U.S.C. § 1681b(b)(3).

35. Such FTC staff opinions originate in 1997 and were publicly available to the Atlas Defendants.

36. Title 15 U.S.C. §1681n(a) permits a consumer to recover statutory and punitive damages, along with attorney fees and costs for willful violations of the FCRA.

## CLASS ACTION ALLEGATIONS

37. Pursuant to Fed. R. Civ. P. 23, Jackson brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States who applied a position not regulated by the Department of Transportation with the Atlas Defendants for whom the Atlas Defendants denied or delayed employment based in whole or in part on a consumer report without first providing the consumer with a copy of the consumer report and written summary of the consumer's rights under the FCRA during the five-year period preceding the filing of this action and during its pendency.

38. Jackson reserves the right to amend the definition of the Class based on discovery or legal developments.

39. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. Upon information and belief, the Atlas Defendants prepare thousands of consumer reports on rental applicants each year, and those persons' names and addresses are identifiable through documents maintained by the Atlas Defendants.

40. **Existence and Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2)**. Common questions of law and fact exist as to all members of the Class and predominate over the questions affecting only individual members. The common legal and factual questions include, among others, whether the Atlas Defendants fail to provide pre-adverse action notice to job applicants, including a copy of the applicants' consumer report and a statement of the applicants' rights before making a decision regarding their employment and whether the Alas Defendants acted willfully or negligently in disregard of the rights of

6

consumers.

41. **Typicality. Fed. R. Civ. P. 23(a)(3).** Jackson's claims are typical of the claims of each Class member. Jackson has the same or similar claims for statutory and punitive damages that he seeks for absent class members.

42. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Jackson is an adequate representative of the Class. His interests are aligned with and are not antagonistic to the interests of the members of the Class he seeks to represent, he has retained counsel competent and experienced in such litigation, and he intends to prosecute this action vigorously. Jackson and his counsel will fairly and adequately protect the interests of members of the Class.

43. **Predominance and Superiority. Fed. R. Civ. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by the Atlas Defendants' conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by the Atlas Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a unified proceeding.

## **COUNT ONE — CLASS CLAIM**

## **FAILURE TO PROVIDE PRE-ADVERSE ACTION NOTICE**
## **15 U.S.C. § 1681b(b)(3)(A)**

44. Jackson and the Class members re-allege and incorporate by reference all preceding allegations of law and fact.

45. The Atlas Defendants willfully violated 15 U.S.C. § 1681b(b)(3)(A)(i) by failing to provide a copy of the consumer report used to make an employment decision to Jackson and the Class members before taking adverse action that was based in whole or in part on that report.

46. The Atlas Defendants willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by failing to provide a copy of the summary of rights required by this section to Jackson and the Class members before taking adverse action that was based in whole or in part on a consumer report.

47. Jackson and the Class members seek statutory damages for these violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

48. Jackson and the Class members also seek unliquidated punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

49. Further Jackson and the Class members seek attorney fees and costs pursuant to 15 U.S.C. § 1681n(a)(3).

50. Alternatively, the Atlas Defendants' violations were negligent, and Jackson seeks issue certification based on the Atlas Defendants' negligence under Fed. R. Civ. P. 23(c)(4).

**WHEREFORE,** Jackson and the Class members respectfully pray for the following relief:

    A. An order certifying the proposed class herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned as class counsel;

    B. Judgment against the Atlas Defendants for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

  C. Alternatively, in accordance with Fed. R. Civ. P. 23(c)(4), an order certifying the Class on the issue that the Atlas Defendants' conduct was negligent pursuant to 15 U.S.C. § 1681o;

  D. Attorneys' fees, expenses and costs; and

  E. Such other relief as may be just and proper.

## JURY DEMAND

Plaintiff Joseph Devon Jackson and the Putative Class Members demand a trial by a jury as to all issues presented herein.

        Respectfully submitted,

        /s/ Matthew A. Dooley
        O'TOOLE, McLAUGHLIN, DOOLEY &
        PECORA CO., LPA
        Matthew A. Dooley (OH 0081482)
        5455 Detroit Road
        Sheffield Village, Ohio  44054
        Tel: (440) 930-4001
        Facsimile: (440) 930-7208
        Email: mdooley@omdplaw.com

        GORSKI LAW, PLLC
        Greg Gorski, Esquire*
        1635 Market Street
        Suite 1600
        Philadelphia, PA 19103
        Telephone: 215-330-2100
        Email: greg@greggorskilaw.com
        *Counsel for Plaintiff and the Putative Class*

        *(*pro hac vice to be sought*)